IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
    PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION          MDL 2327

---

THIS DOCUMENT RELATES TO:

*DaNece Day v. Ethicon, Inc. et al.*          Civil Action No. 2:14-cv-22370

## ORDER

Pending is a Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendants Ethicon, Inc. and Johnson & Johnson on March 8, 2018 ("Motion"). [ECF No. 5] The plaintiff did not respond. For the reasons stated herein, the Motion is **DENIED**.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m), provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

> prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." *See* Pretrial Order #20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf (stating that this order applies to "each member related case previously transferred to, removed to, or filed in this district," in addition to cases subsequently filed). Thus, the court excused the plaintiff from formally serving process on the defendants, if she completed this simple procedure.

The plaintiff failed to effectuate service by either method within the time allotted under Federal Rule of Civil Procedure 4(m). The defendants now move to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

There are filings on the docket by the plaintiff which may indicate that she intends to pursue this matter further. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiff a final chance to comply with service of process, subject to dismissal if they fail to do so, is just. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to

secure the just, speedy, and inexpensive determination of every action and proceeding").

The defendants' Motion is **DENIED without prejudice**. It is further **ORDERED** that the plaintiff must serve a completed Complaint and Plaintiff Profile Form on the defendants on or before **June 31, 2018**. Failure to comply with this Order will result in dismissal upon motion by Ethicon.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 29, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE